UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN ANTHONY DALY,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 2:19-cv-00159-GMN-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 by a Nevada state inmate comes before the Court for initial review.

The papers presented are subject to multiple defects.

First, petitioner did not properly commence the action by either paying the $5.00 filing fee or filing a properly completed application to proceed *in forma pauperis* with all required attachments.

Second, petitioner did not file his petition on the petition form required by this Court's Local Rule LSR 3-1.

Third, petitioner did not name a proper respondent. Petitioner did not name his immediate custodian as a respondent, and he improperly named the State of Nevada as a respondent. Petitioner must name his immediate custodian, *i.e.*, the warden of his prison, as a respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Moreover, petitioner may not proceed directly against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action directly against a state or an arm of the state in federal court regardless of

1

the relief sought.  *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Due to these multiple substantial defects, the petition in this improperly-commenced action will be dismissed without prejudice.  It does not appear that a dismissal without prejudice would lead to a reasonably promptly filed new action being time-barred or otherwise result in substantial prejudice.  The state court online docket records[1] reflect that: (1) petitioner John Daly pled guilty to reckless driving and was sentenced to 19 to 48 months in No. C-18-329340-1 in the Eighth Judicial District Court for the State of Nevada; (2) an original judgment of conviction was entered on March 20, 2018, and an amended judgment of conviction was entered on March 29, 2018; and (3) petitioner's direct appeal from the conviction currently is pending before the state appellate courts under No. 75670 in those courts, with the appeal briefing having been completed on November 27, 2018.  It thus does not appear that the federal one-year limitation period under 28 U.S.C. § 2244 would expire before a prompt filing of a new action.  Moreover, that limitation period would not begin to even run prior to the conclusion of direct review of the conviction on a timely direct appeal.[2]  Accordingly, the dismissal of this improperly-commenced action without prejudice will not result otherwise in substantial prejudice.[3]

---

[1] The Court takes judicial notice of the online docket records of the state courts.  *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).  The online docket records of the state district court and appellate courts may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

[2] Petitioner remains responsible for calculating all applicable state and federal limitations periods as applied to his case.

[3] Dismissal of this action on the basis stated in the text does not imply that the papers and action are free of other substantial defects.  *Inter alia*, it does not appear that any claims have been exhausted through to a final decision on the merits by the state appellate courts.  It further would appear that abstention would be required under *Younger v. Harris*, 401 U.S. 37 (1971), because petitioner seeks federal court interference in a pending state criminal proceeding, given that a direct appeal still is pending.  Moreover, the petition includes extensive patently frivolous allegations, including allegations that neither the State of Nevada nor the United States of America are duly constituted entities and that all Nevada statutes were improperly adopted and are thus invalid. Continued filing of frivolous papers may result in sanctions being imposed and petitioner being designated as a restricted filer.  Such sanctions may include referral to

1       IT THEREFORE IS ORDERED that the petition shall be DISMISSED without

2 prejudice to the filing of a new petition with a pauper application with all required financial

3 attachments in a new civil action under a new docket number.

4       IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists

5 of reason would not find the dismissal of this improperly-commenced action without

6 prejudice to be either debatable or incorrect, given the absence of any substantial

7 prejudice to petitioner from the dismissal without prejudice.

8       The Clerk of Court shall SEND petitioner with this order two copies each of a §

9 2254 petition form and an inmate pauper application form along with one copy each of

10 the instructions for each form and of the papers that he submitted in this action.

11       The Clerk shall enter final judgment accordingly, dismissing this action without

12 prejudice and closing this action.

13       DATED THIS January 29, 2019

14

15

16 _____

Gloria M. Navarro, Chief Judge
17 United States District Court

18

19

20

21

22

23

24

25

26

27

28

---

correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451 and/or a finding of institutional disciplinary major violation MJ48 under the state correctional administrative regulations.